UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANUEL JIMENEZ, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>- against -<br><br>M & L CLEANING, INC. and JOHN MELIA,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JANUARY 14, 2019 |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1.  This is an action for compensatory damages, liquidated damages, penalty damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, et seq. and Conn. Gen. Stat. § 31-72 (collectively "CMWA").

### II. JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

1

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

### III. PARTIES

5. Plaintiff, Manuel Jimenez ("Jimenez"), is an individual residing in Bronx, New York. At all times relevant to this Complaint, Jimenez was an employee of M & L Cleaning, Inc. ("M & L" or "M & L Cleaning") and John Melia ("Melia") (collectively "Defendants").

6. Defendant, M & L Cleaning, Inc., is a Connecticut corporation with a principal place of business located at 1 Barry Place, Suite B, Stamford, Connecticut.

7. At all times relevant to this Complaint, M & L Cleaning was the employer of Jimenez and all other similarly situated individuals, as the term is defined in the FLSA and CMWA.

8. Defendant, John Melia ("Melia"), is the President and CEO of M & L Cleaning and resides at 22 ½ Deepwood Lane, Norwalk, CT 06854.

9. At all times relevant to this Complaint, Melia was the individual within M & L Cleaning with the ultimate and exclusive authority to set the hours of employment, to direct the work and to pay the wages of Jimenez and all other similarly situated individuals.

10. Melia's exercise of that authority was the direct cause of M & L Cleaning's failure to pay wages as set forth below.

11. Accordingly, Melia was the employer of Jimenez and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

### IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

**A.   The FLSA Class**

12. Jimenez brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

13. In addition, and in the alternative, Jimenez brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

14. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as cleaners at any time after January 16 through the date of the final judgment.

15. Jimenez reserves the right to amend said class definition consistent with information obtained through discovery.

16. Jimenez sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Jimenez and the members of the putative class are similarly situated.

17. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Jimenez and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

**B.** **The Connecticut Class**

18. Jimenez also sues on behalf of himself and all other members of the Connecticut class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19. The Connecticut Class is defined as follows:

> All current and former employees of Defendants who were employed as cleaners at any time after January 2016 through the date of final judgment.

20. Jimenez reserves the right to amend said class definition consistent with information obtained through discovery.

21. Class certification for these Connecticut law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

22. The class is so numerous that joinder of all members is impracticable. On information and belief, there have been approximately 50 or more cleaners employed by Defendants in Connecticut within the past two years.

23. There are questions of law and fact common to the class, including whether or not the putative class members worked hours for which they were not paid overtime compensation in violation of Connecticut law and whether or not Defendants' conduct was willful.

24. Jimenez's claims are typical of those of the class members. Jimenez's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Jimenez's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendants' conduct apply equally to Jimenez and to the class.

25. Jimenez will fairly and adequately protect the interests of the class. Jimenez's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

26. Common questions of law and fact predominate over questions affecting only individuals and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## V. FACTS

27. From approximately March 2016 through October 13, 2018, Jimenez was employed by M & L Cleaning and Melia.

28. Jimenez was one of approximately 22 cleaners employed by M & L at any given time.

29. While M & L has 22 cleaners employed at any given time, they have high turnover.

30. Jimenez and the other employees of M & L worked as cleaners.

31. Jimenez and the other cleaners were never required to "clock in" at the start of the day and "clock out" at the end of the day.

32. Jimenez and the other cleaners were responsible for performing a variety of cleaning tasks for Defendants' customers.

33. Jimenez and the other cleaners would arrive at M & L headquarters at approximately 7:40 a.m. each day.

34. Upon arriving at M & L headquarters, Jimenez and the other cleaners would prepare the company vans they drove to their respective work sites.

35. Preparing a van consists of checking what tools and products would be required to perform that day's work, and then loading the truck with said products and tools.

36. After preparing the van for the day's work, Jimenez and the other employees would leave M & L's headquarters at around 8:30 a.m. in order to arrive at the worksite by 9 a.m.

37. Jimenez and the other cleaners were given a half hour lunch break at noon every day.

38. Jimenez and the other cleaners would then leave the work site at around 4:30 p.m. in order to arrive at M & L's headquarters by 4:55 p.m., at which point they would drop off the vans and go home for the day, leaving M & L headquarters by 5:00 p.m.

39. On Friday however, Jimenez and the other cleaners would have to stay an extra half hour - until 5:30 p.m. - in order to clean their vans in preparation for the following week.

40. Jimenez was paid a flat weekly salary of $550 per week.

6

41. Jimenez was paid by check, every week.

42. These checks did not list the number of hours worked by Jimenez.

43. On information and belief, the checks given to the other cleaners employed by M & L also did not list the number of hours worked.

44. On a number of occasions, M & L would not pay Jimenez for the previous weeks work and would give him the check at a later point in time chosen at their discretion.

45. Jimenez was never paid for any time worked before 9 a.m. or after 5 p.m.

46. On information and belief, the other cleaners were also not paid for any time worked before 9 a.m. or after 5 p.m.

47. Jimenez and all the other cleaners customarily and regularly worked approximately 45 hours per week.

48. Jimenez and the other cleaners employed by M & L were not paid any overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over forty (40) per week, as required by the CMWA and FLSA.

### VI. COUNT ONE - COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS

49. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Jimenez and all other members

of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week but failed to do so.

50. Accordingly, Jimenez and all other members of the FLSA class are entitled to compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week, liquidated damages, attorney's fees and court costs, pursuant to 29 U.S.C. § 216(b).

### VII. COUNT TWO - CLASS ACTION CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF AND THE CONNECTICUT CLASS

51. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants knew or should have known that Jimenez and all other members of the Connecticut Class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week, but failed to pay them accordingly.

52. Defendants' conduct in failing to pay Jimenez and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that their employees were entitled to be paid for all hours worked in excess of forty (40) per week at one-and-one-half times their regular rate of pay, but failed to pay them accordingly.

53. Accordingly, Jimenez and all other members of the Connecticut Class are entitled to compensation at one-and-one-half times their regular rate of pay for all hours worked in excess

of forty (40) per week, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes §§ 31-68 and 31-72, respectively.

### VIII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

 a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants as cleaners. Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

 b. Certification of this action as a potential class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Connecticut class and the appointment of Plaintiff and his counsel to represent the class;

 c. Unpaid overtime wages under the FLSA;

 d. Unpaid overtime wages under the CMWA;

 e. Liquidated damages under the FLSA;

 f. Penalty damages under the CMWA;

 g. Pre-Judgment and Post-Judgment interest, as provided by law;

    h.    Attorneys' fees and costs of suit under the FLSA and CMWA, including expert fees and

    i.    Such other and further relief as the Court deems just and equitable.

Dated:    Fairfield, CT
January 14, 2019

Plaintiff, Manuel Jimenez

By: _____
Anthony J. LaBella of
Ury & Moskow, LLC
883 Black Rock Turnpike
Fairfield, CT 06925
(203) 610-6393
Fed Bar No. ct27159
anthony@urymoskow.com