UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANUEL JIMENEZ, *individually and on behalf of all other similarly situated individuals*,     *Plaintiffs*, <br><br> v. <br><br> M & L CLEANING, INC. and JOHN MELIA,     *Defendants*. | 3:19-CV-00078 (KAD) <br><br><br><br><br><br><br><br><br> JUNE 22, 2020 |

**MEMORANDUM OF DECISION**
**RE: MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION**

Kari A. Dooley, United States District Judge

This action involves alleged violations of state and federal wage laws by defendants M&L Cleaning, Inc. ("M&L Cleaning") and John Melia ("Melia") (collectively, the "Defendants"). The Plaintiff, Manual Jimenez, (the "Plaintiff" or "Jimenez") asserts claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.* and Conn. Gen. Stat. § 31-72, ("CMWA"). Pending before the Court is the Plaintiff's motion for conditional certification of the FLSA collective action pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). (ECF No. 25.) For the reasons set forth below, the motion is GRANTED.

**Background**

Melia owns, operates, and manages M&L Cleaning. M&L Cleaning employs approximately twenty-two cleaners at any given time. Jimenez worked as a cleaner for M&L Cleaning between March of 2016 and October 13, 2018.

Jimenez alleges that during his employment he and other cleaners were required to work in excess of forty hours per week without receiving overtime compensation as required by the

FLSA and CMWA.  Jimenez asserts that his "official" work-schedule was weekdays from 9:00 a.m. to 5:00 p.m., but that was not the schedule he worked in reality.  Jimenez states that M&L Cleaning required cleaners to arrive at its headquarters at approximately 7:40 a.m. each day.  Upon arrival, the cleaners prepared the company vans that they drove to their respective work sites, checking to confirm that they had all the necessary products and tools for the day.  After preparing the vans for the day's work, the cleaners would leave M&L Cleaning's headquarters at around 8:30 a.m. in order to arrive at the worksite by 9:00 a.m.  The cleaners were given a lunch break every day from 12:00 p.m. to 12:30 p.m.  The cleaners would return to M&L Cleaning's headquarters by 4:55 p.m., at which point they would drop off the vans and go home for the day, leaving M&L Cleaning's headquarters by 5:00 p.m.  Except that, on Fridays, the cleaners were required to stay for an extra half hour, until 5:30 p.m., to clean the vans in preparation for the following week.  Jimenez complains that he was never compensated for any time worked before 9:00 a.m. or after 5:00 p.m.  Instead, he received only his flat weekly salary of $550 per week, which he was never told included overtime compensation.

The Plaintiff initiated this putative class action on January 15, 2019.  The complaint asserts claims for violation of the overtime provisions of the FLSA and the CMWA.  The complaint also asserts a putative collective action under the FLSA and putative class action under CMWA.  On September 9, 2019, the Plaintiff filed the instant motion for conditional certification of the FLSA collective action.[1]

---

[1] Subsequent to the filing of the motion for conditional class certification, a default entered against the Defendants, who had initially appeared and defended against this matter and the instant motion. (ECF No. 46.)  The entry of the default has no impact on the motion presently before the Court.  The default does not render the motion moot.  *See Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 687 Fed. Appx. 10, 12 (2d Cir. 2017) (summary order) (holding that motion for class certification pursuant to Rule 23 was not rendered moot by entry of default).  Nor does it result in automatic certification of the collective action.  *See Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003) (holding that entry of default does not result in automatic class certification because, while the allegations in the complaint are deemed to be admitted, the court has an independent duty to determine whether the requirements of

**Conditional Class Certification**

Congress enacted the FLSA to "protect workers and ensure that they are not subjected to working conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243 (2d Cir. 2011) (quoting 29 U.S.C. § 202(a)). In furtherance of this goal, the FLSA imposes numerous "wage and hour" requirements, including an overtime provision that requires employers to pay non-exempt employees time-and-a-half for each hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1).[2] If an employer violates the FLSA's wage provisions, then the employer is liable for any unpaid compensation. 29 U.S.C. § 216(b).

As relevant to the instant motion, Section 16(b) of the FLSA permits employees to bring suit on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). "The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). "As a result, unlike a Rule 23 class, a conditionally certified FLSA collective does not acquire an independent legal status." *Glatt*, 811 F.3d at 540.

In *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), the Second Circuit Court of Appeals endorsed a two-step process for certifying collective actions under the FLSA. "At step one, the

---

Rule 23(a) are met regardless of the defendant's admissions); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 922–23 (3d Cir. 1992) (rejecting argument that defendants were foreclosed from challenging the certification of the class because of their default because "a challenge to class certification is not the type of potential defense to the merits which the party loses through its default"). Further, as discussed later in this decision, the Plaintiff's burden at this stage is modest and the evidence is construed in his favor, regardless of the default. *See generally Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 263–64 (D. Conn. 2020).

[2] There is no claim that the Plaintiff is an "exempt" employee under the FLSA.

3

district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.2d at 555). "The 'modest factual showing' cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (internal citations omitted; internal quotation marks omitted). "At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.2d at 555). "The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

The instant decision concerns only step one of the *Myers* analysis. "At this stage, 'the evidentiary standard is lenient.' . . ." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 130 (E.D.N.Y. 2011) (quoting *Rubery v. Buth–Na–Bodhaige, Inc*., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008)). "Courts have repeatedly stated that [the FLSA's] 'similarly situated' requirement is 'considerably less stringent' than the requirements for class certification under Rule 23. . . . Courts do not require proof of an actual FLSA violation, but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Rodriguez*, 784 F. Supp. 2d at 130 (internal citations omitted; internal quotation marks omitted). "Generally, courts will conditionally certify a collective action and authorize dissemination of notice upon a 'simple showing' that other employees may also have been subjected to the allegedly improper employment policy. This 'simple showing' requirement can be met by evidence that other employees had similar job requirements and pay provisions." *Lassen v. Hoyt Livery Inc*., No. 13-

cv-01529 (JAM), 2014 WL 4638860, at *4 (D. Conn. Sept. 17, 2014) (alterations omitted; internal citations omitted; internal quotation marks omitted).

"[I]n determining whether the plaintiffs' made the required showing, the court may not weigh the merits of the underlying claims by resolving factual disputes, deciding substantive issues or making credibility determinations." *Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 263 (2020) (citations omitted; internal quotation marks omitted). "[A] collective action should be certified as long as the plaintiffs' allegations 'are sufficient on their face' to support certification—even if such allegations conflict with the account asserted by the defendants." *Id.* at 264. Consequently, the court's determination at step one "is typically based on the pleadings, affidavits and declarations submitted by the plaintiffs." *Rodriguez*, 784 F. Supp. 2d at 130 (citation omitted; internal quotation marks omitted) (collecting cases); *accord Gui Zhen Zhu*, 424 F. Supp. 3d at 265 ("Courts routinely grant conditional certification based on the allegations contained in the complaint and affidavits submitted by the named plaintiffs."). The court further draws all inferences from this evidence in favor of the plaintiff. *Gui Zhen Zhu*, 424 F. Supp. 3d at 263.

Here, the Plaintiff has made the requisite showing that he and other "similarly situated" cleaners were victims of the Defendants' common policy or plan and that the common policy or plan violated the FLSA. Jimenez asserts, through his affidavit and complaint, that he and his co-worker cleaners were regularly required to work more than forty-hours per week without receiving any compensation for overtime. Specifically, their work schedule and duties were such that they were required to work from 7:40 a.m. until 5:00 p.m. Monday through Thursday and from 7:40 a.m. to 5:30 p.m. on Friday. Jimenez estimates that the Defendants, who have a high turnover rate among their cleaners, employ approximately twenty-two cleaners at any given time, and he has identified seven such cleaners by name. Jimenez asserts that the named cleaners worked the same

5

schedule and performed the same duties as him.  To his knowledge, Jimenez asserts, none of these cleaners were compensated for the overtime work, as required by the FLSA.  Further, Jimenez has identified by name two cleaners who complained to him about their work schedules and the fact that they were not being paid overtime.  Although the statements of these other cleaners are, in some respects, hearsay, they are still probative evidence for purposes of the step one *Myers* analysis.  *Gui Zhen Zu*, 424 F. Supp. 3d at 264 ("the court may rely on hearsay evidence asserted by the plaintiffs to certify the collective action"); *Lassen*, 2014 WL 4638860, at *5 (same).

For all of these reasons, the Court finds that conditional certification of the FLSA collective action is warranted at this time.

In addition to seeking conditional certification of the collective action, the Plaintiff seeks approval of its proposed notice and proposed notice and discovery procedures.  The Plaintiff made his proposal at a time when the Defendants had appeared and were defending against this action.  In light of the recent default of the Defendants, the Court will schedule a telephonic conference to discuss whether the Plaintiff's proposed notice and discovery procedures remain feasible and appropriate.

**Conclusion**

For the reasons set forth in this decision, the motion for conditional class certification (ECF No. 25) is GRANTED.  This FLSA collective action is hereby conditionally certified and includes all current and former non-exempt employees of M&L Cleaning, Inc. who were employed as cleaners for any period of time between January 15, 2017[3] and the present.

---

[3] The Plaintiff requested that the collective action be certified back to January 15, 2016—three years before he filed the complaint.  The statute of limitations for an FLSA claim is two years unless the plaintiff alleges that the employer has willfully violated the FLSA, in which case the applicable limitations period is three years. 29 U.S.C. § 255(a).  Although the Plaintiff asserted in his complaint that the Defendants conduct was willful, he did so in a conclusory fashion.  Neither the factual allegations in the complaint nor the Plaintiff's affidavit establish that the Defendants conduct was willful.  Accordingly, the Court finds no basis to certify the collective action, even conditionally, back to January 15, 2016.

The Plaintiff shall appear for a telephonic conference concerning discovery and notice procedures in this matter on June 26, 2020 at 11:00 a.m.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of June 2020.

                                              */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE